IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HORST ERNST WILHELM,

      Plaintiff,                           No. CIV S-08-0210 FCD GGH

   vs.

SAMUEL M. YOTT, et al.,

      Defendants.                  ORDER

_____/

      Previously pending on this court's law and motion calendar for January 8, 2009, was defendants' motion to compel discovery and for monetary sanctions. Joseph Cooper appeared telephonically for moving defendant Horst Anton Wilhelm. Specially appearing for plaintiff, who did not file an opposition,[1] was Leland Moglen.[2] Having heard oral argument and reviewed defendant's motion, the court now issues the following order.

---

[1] At the hearing, defense counsel related that plaintiff's counsel had moved offices without notification to the court or the parties, but that service of the moving papers were made on both the address of record and the address discovered by defendant's investigator. Plaintiff was also notified via the court's electronic filing system.

[2] This attorney entered the hearing late, and was informed that since he was not attorney of record, he would not be heard on the merits. He was permitted to speak in order to provide logistical information, however. Besides the fact that special appearances are not permitted in civil cases, the court finds counsel's of record failure to appear when sanctions are at issue to be particularly unprofessional.

1

BACKGROUND

This action was brought by plaintiff who alleges injuries suffered as a result of a motor vehicle accident involving plaintiff and defendants. Plaintiff seeks damages for defendants' alleged negligence. Jurisdiction is based on diversity.

The instant motion concerns defendant Wilhelm's discovery propounded on plaintiff and plaintiff's total failure to respond to defendant's special interrogatories, set one, request for production of documents, set one, and request for admissions, set one. Defendant seeks an order requiring responses without objection and to deem the request for admissions admitted or in the alternative to compel responses with properly executed verifications. Defendant also seeks sanctions for bringing the motion in the amount of $1,750, as reduced by the non-incurred costs associated with traveling from Fresno to Sacramento for the hearing.

DISCUSSION

Since plaintiff has not opposed the motion, defendant's version of events is accepted. The discovery requests were propounded on October 13, 2008, with responses due November 17, 2008. Plaintiff did not produce responses but indicated to defense counsel on at least three occasions that responses would be forthcoming, to no avail. Defense counsel attempted to meet and confer twice in December, 2008, but plaintiff's counsel still has not responded to any of the discovery. Cooper Decl., Ex. E.

The attorney who specially appeared at the hearing indicated that plaintiff was somewhat challenged and disabled, but that responses would be produced by January 16, 2008. These responses shall be provided without objections. Plaintiff will be permitted to respond to the requests for admissions also, and shall provide properly executed verifications to all such requests.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585,

589 (9th Cir. 1983). Professors Wright and Miller have opined:

> Any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play, although the reason for the failure is an important consideration in determining what sanction to impose. If the failure is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that should be invoked.

8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

> If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith effort to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

"[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

The conduct of plaintiff's counsel necessitated defendants bringing the instant motion, and required the court to devote its own resources to this matter. Although plaintiff's counsel apparently asserts a delay due to in part to his client's disability, he did not file an opposition or appear at hearing to satisfactorily explain why he did not seek to apprise the court of these problems through an *ex parte* motion or seek continuances from defendant's counsel. This situation has all the earmarks of purposeful foot dragging on discovery. Make no mistake – had plaintiff's counsel not repeatedly been put to the task of honoring discovery obligations, no

1 discovery would have been forthcoming.

2    Defendant has been forced to expend unnecessary time, effort and costs in seeking
3 straightforward discovery, due directly to the unexcused delay of plaintiff's counsel.

4    Defendant's counsel seeks an award of attorneys' fees in the amount of $1750.
5 When time for travel to and from the hearing are reduced at a rate of $175 per hour for six hours,
6 expenses total $700. See Decl. of Joseph Cooper, ¶ 11.

7    Litigation is costly enough without unnecessarily adding to the pain. And, a
8 plaintiff's counsel who may well be representing plaintiff on a contingency is hardly in a position
9 to pay fees to his adversary's counsel within the course of a litigation. However, litigation is
10 costly for both sides, and when a party is compelled to waste time seeking to compel disclosures
11 which should have been forthcoming, the law provides that sanctions *shall* be imposed to
12 reimburse the innocent party when the defaulting party has not interposed a justifiable reason for
13 not timely responding. Plaintiff's delay here was not justifiable, and was due in the main to
14 counsel's failures. Therefore, sanctions will not be imposed against plaintiff, but only against his
15 attorney.

16    Defendant's requested amount of $700 is reasonable and will be honored. The
17 court concludes that these expenses were reasonably incurred, and caused by the failure of
18 plaintiff's counsel who was not substantially justified. No circumstances exist to render such an
19 award unjust.

20    Plaintiff's failure to comply with this order will result in a recommendation that
21 the case be dismissed. As advised at the hearing, if plaintiff has good sense, he will appear at his
22 deposition, to be scheduled at defendant's discretion. The court will not look kindly on having to
23 adjudicate defendant's motion to compel deposition and for sanctions, currently set for hearing
24 on February 5, 2009.

25 \\\\\

26 \\\\\

CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

1. Defendant Wilhelm's motion to compel discovery and for sanctions, filed December 5, 2008, is granted.

2. Plaintiff shall respond to all outstanding discovery as outlined in this order, by January 16, 2009.

3. Defendant Wilhelm is awarded attorneys' fees in the amount of $700 against plaintiff's counsel only. Payment shall be made directly to defendant within thirty days of this order.

DATED:   01/12/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Wilhelm0210.san.wpd