IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HORST ERNST WILHELM,

    Plaintiff,                     No. CIV S-08-0210 FCD GGH

    vs.

SAMUEL M. YOTT, et al.,

    Defendants.             <u>ORDER AND FINDINGS AND</u>

                                           <u>RECOMMENDATIONS</u>

_____/

        Previously pending on this court's law and motion calendar for March 26, 2009, were this court's order to show cause, issued March 6, 2009, and defendant Horst Anton Wilhelm's[1] amended motion for terminating sanctions, or alternatively evidentiary sanctions, and for monetary sanctions, filed February 5, 2009. Plaintiff made no appearance. Joseph Cooper appeared telephonically on behalf of defendant Wilhelm. Based on the hearing and the filings, or lack thereof, the court now issues the following order addressing defendant's motion, and findings and recommendations in regard to the show cause order.

\\\\\

\\\\\

---

[1] Although there is another defendant who has since appeared in the case, all events took place prior to the appearance of defendant Yott, who has no involvement in these proceedings. All references to defendant pertain to defendant Wilhelm.

1

I. <u>ORDER TO SHOW CAUSE RE: CONTEMPT</u>

CERTIFIED FACTS

This action was brought by plaintiff who alleges injuries suffered as a result of a motor vehicle accident involving plaintiff and defendants. Plaintiff seeks damages for defendants' alleged negligence. Jurisdiction is based on diversity. (Compl. at ¶¶ 1, 7.)

The first discovery motion brought to the court's attention concerned defendant Wilhelm's discovery propounded on plaintiff and plaintiff's total failure to respond to defendant's special interrogatories, set one, request for production of documents, set one, and request for admissions, set one. (Docket # 19.) This discovery was propounded on October 13, 2008, and despite three separate representations by plaintiff's counsel that responses would be forthcoming, plaintiff produced absolutely no responses. (Docket #21, ¶ 7.) Plaintiff and his former counsel, John Torjesen,[2] did not appear at the first hearing on January 8, 2009, but instead sent an attorney to specially appear. (Docket #58.) Since he was not attorney of record on the case, he was not permitted to be heard on the merits. Because plaintiff did not file an opposition and did not appear at the hearing, the motion was granted, and plaintiff was directed to respond to all discovery by January 16, 2009, as well as pay $700 in sanctions. Plaintiff was warned that failure to comply with this order would result in a recommendation that the case be dismissed. (<u>Id.</u>)

This matter next came to the court's attention when defendant Wilhelm moved to compel plaintiff's deposition and for sanctions. (Docket #29.) Plaintiff and defendant were ordered to file a joint statement five court days before the February 5, 2009 hearing. (Docket #56.) Plaintiff did not comply with this order to participate in the joint statement, did not otherwise oppose the motion, and did not appear at the hearing. (Docket #67.) In the order

---

[2] All events referred to herein concern former counsel Torjesen. Plaintiff substituted new counsel on March 30, 2009, after these events occurred. However, for the reasons set forth, <u>infra</u>, a substitution of counsel is not a trump card which precludes sanctions for previous misconduct.

granting defendant's motion, this court reminded plaintiff of its previous order wherein it advised him that it would look unkindly on his failure to appear at his deposition. (Docket #69.) This order, issued February 10, 2009, directed both plaintiff and his counsel to personally appear for deposition in the jury room of the undersigned's courtroom, and that failure to do so might be grounds for contempt. Defendant's request for monetary sanctions was postponed until after the date for deposition had passed. (Id.)

Plaintiff and his counsel did not appear at the March 2, 2009 deposition. After reminding plaintiff of the previous warnings regarding dismissal, plaintiff and his counsel were ordered to show cause in re: contempt for their failure to obey court orders. (Docket #71.) They were directed to file a declaration by March 19, 2009 and to appear at the March 26, 2009 hearing. (Id.)

Plaintiff failed to file the previously ordered declaration, and he and his counsel failed to appear at the March 26, 2009 hearing. (Docket #73.) Also scheduled for hearing on that date was defendant's most recent motion for sanctions.

The docket report reflects that no orders served by the court on plaintiff's counsel in this case were returned as undeliverable, and that the pertinent orders were served on plaintiff's counsel at two email addresses. (Docket #s 56, 58, 69, 71, and notices of electronic filing.)

DISCUSSION

This court's order of March 6, 2009, required plaintiff and his counsel to personally appear and show cause in re: contempt for failing to obey this court's orders independent of any motion to dismiss or for sanctions brought by defendant. In addition to both plaintiff and his counsel's failure to appear, plaintiff did not file the requisite declaration.

Magistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges. See 28 U.S.C. S 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir.1996).

1 | Where contempt is sought to compensate an aggrieved party for failure of an adverse party to comply with court orders, the asserted contempt is civil in nature. United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980). On the other hand, where contempt is imposed to vindicate the authority of the court following a completed act of disobedience, and the contemnor has no opportunity to purge himself of contempt, the contempt is criminal in nature. Bingman, 100 F.3d at 655-56. It must be remembered that one of the primary purposes of criminal contempt is to vindicate the authority of the court by punishing a past act of defiance. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). The "great and only purpose [of the exercise of the power to punish for contempt] is to secure judicial authority from obstruction in the performance of its duties..." Ex Parte Hudgings, 249 U.S. 378, 383, 39 S.Ct. 337, 339 (1919).

In this case, the court's orders were clear and unambiguous, and the evidence establishes that plaintiff and attorney Torjesen did not comply with the orders. Moreover, there is no evidence of plaintiff or his attorney's inability to comply with the court orders. Plaintiff and his counsel clearly received all orders as none were returned to the court as undeliverable. They were also clearly aware of defendant's complaints about their refusal to participate in discovery as evidence by their communications with defendant in regard to written discovery, and their promises of future production. Furthermore, plaintiff's counsel sent a temporary attorney to represent plaintiff at the first discovery hearing, indicating his knowledge of defendant's motion. Such acts indicate knowledge and therefore a wilful intent to violate court procedures and orders. Bad faith is a necessary conclusion. Plaintiff and attorney Torjesen's acts of disobedience appear completed, and it may be appropriate to assess a fine which is unconditional and punitive, or incarceration, in order to vindicate the authority of the court. See Bingman, 100 F.3d at 655-56.

Only a district judge may enter orders of contempt in proceedings of this type. 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); On Command Video

Corp. v. LodgeNet Entertainment Corp., 976 F. Supp. 917 (N.D. Cal. 1997). The undersigned may investigate whether further contempt proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636 (e). The undersigned has concluded further contempt proceedings are warranted and certifies the foregoing facts demonstrating disobedience with this court's orders to the District Judge assigned to this case.

In light of the foregoing history of plaintiff and attorney Torjesen's failure to obey court orders and to appear at duly noticed hearings, the court will recommend that plaintiff and his former counsel be adjudged in contempt of court.

## II. DEFENDANT'S MOTION FOR TERMINATING SANCTIONS OR ALTERNATIVELY EVIDENTIARY SANCTIONS AND FOR MONETARY SANCTIONS

Based on the facts set forth above, defendant seeks terminating sanctions or in the alternative evidentiary sanctions precluding plaintiff from submitting evidence at trial on any topics for which discovery was sought. Defendant also seeks monetary sanctions in the amount of $2,824.13.[3]

Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with discovery rules or court orders enforcing them. Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983). Penalizing a party "for dilatory conduct during discovery proceedings" is discretionary. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).

In addition to Rule 37 sanctions, "[c]ourts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)); accord

---

[3] Defendant Wilhelm has submitted two declarations in support of this amount, one for $700 and one for $2,124.13. Cooper Decl. (docket # 61); Knudsen Decl. (docket #72).

Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (recognizing inherent power to dismiss counterclaim for concealing discovery documents); Winn v. Associated Press, 903 F. Supp. 575, 580 (SDNY 1995) (imposing monetary sanctions for deliberately impeding discovery and willful noncompliance with document production).

Precluding evidence so that the recalcitrant party cannot support defenses is comparable to entering dismissal, which "represent[s] the most severe penalty that can be imposed." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); accord, Valley Engineers v. Electric Engineering Co., 158 F.3d 1051 (9th Cir. 1998). Accordingly, such sanctions are authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault of that party." Kahaluu Const., 857 F.2d at 603; see also Commodity Futures Trading Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding sanctions in egregious circumstances).[4] Bad faith does not require actual ill will; substantial and prejudicial obduracy may constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002).

Five relevant factors also determine whether severe sanctions are appropriate:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the other party;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic sanctions.

---

[4] See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37 dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993) (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault); Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (same).

Wanderer v. Johnston, 910 F.2d 652 (9th Cir. 1990) (default judgment for defendants' failure to comply with discovery); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987).

This circuit has acknowledged that "[l]ike most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just." Valley Engineers Inc. 158 F.3d at 1056. Inevitably where a court order is violated or discovery belatedly is produced, factors 1 and 2 support preclusive sanctions, and factor 4 cuts against them. Prejudice to the opposing party and the availability of less drastic sanctions, factors 3 and 5, are most often decisive. Id. Most critical for evaluating the risk of prejudice and whether less drastic sanctions would suffice is whether the discovery violations "so damage[] the integrity of the discovery process that there can never be assurance of proceeding on the true facts." Valley Engineers Inc.,158 F.3d at 1058.

Plaintiff and his former counsel's blatant failures to respond to motions, appear at hearings, and obey court orders, has caused this case to be delayed for over five months, since November, 2008, when plaintiff first failed to respond to discovery. Although plaintiff was represented by the same counsel for the entire duration of the events at issue, his counsel, who, as a member of the bar should know better, also failed to appear, file oppositions, or provide at least some excuse for the failure. In fact, the blatant failure to appear or oppose provides no excuse whatsoever, let alone a legitimate one that otherwise might have been offered to and considered by the court.

Despite three court orders warning plaintiff and counsel of the consequences of failing to obey court orders, they have shown utter disregard for the court process, not to mention the opposing party. Even after receipt of defendant's motions and ensuing court orders, plaintiff made no attempt to explain his failures to oppose or appear, and offered no excuses for these failures. Plaintiff has also failed to produce the discovery originally ordered on January 13, 2009. After plaintiff's deposition was ordered by the court, plaintiff failed to inform opposing counsel of his intention not to appear. As a result, plaintiff's failure to appear on March 2, 2009,

caused defendant to expend $2,124.13 in fees and costs associated with it. Knudsen Decl., filed March 13, 2009. Plaintiff has further expended $700 in bringing the instant motion. Cooper Decl., filed January 21, 2009. Furthermore, plaintiff's refusal to participate in discovery has prevented this case from going forward for almost six months, and required the court's involvement at least three times in matters which should have been easily resolvable. Based on the issuance of monetary sanctions, plaintiff and his counsel should have been well aware of the seriousness of these failures. Plaintiff's refusal to respond to discovery with absolutely no hint of an excuse has prevented the action from going forward despite its having been filed over a year and three months ago.

The fact that plaintiff has since retained new counsel and may be thinking that he can proceed with this case as if none of these events occurred, demonstrates evidence of further gross abuse of the process.

The complete lack of discovery responses evidence affirmative bad faith, and have been solely within the control of plaintiff and his counsel. "[D]isobedient conduct not shown to be outside the control of the litigant" is all that is required to demonstrate willfullness, bad faith or fault. Henry v. Gill Industries, Inc, supra, 983 F.2d at 949, quoting Fjelstad v. American Honda Motor Co., Inc., supra, 762 F.2d at 1341. Despite this court's prior rulings ordering responses and appearances, and imposing monetary sanctions, plaintiff and his counsel failed to heed these warnings. Moreover, plaintiff's complete lack of discovery responses are so clearly abusive as to be made in bad faith. The only possible reason plaintiff refused to respond to discovery was to abandon these proceedings, as the court must so infer without any communication whatsoever from plaintiff. Accordingly, the court concludes that plaintiff's total failure to provide any discovery responses represents willful violations of the Federal Rules of Civil Procedure and the orders in this case.

The court next considers the factors set forth in Malone. "'The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ...

dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions.'" Henry v. Gill Industries, Inc., supra, 983 F.2d at 948 (citation omitted).

The Ninth Circuit has held that "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990). Defendant, as well as the court, has been prejudiced in both these ways. Defendant's inability to obtain the most basic and initial discovery from plaintiff are no longer tolerable at this stage of pretrial proceedings, where the case has been pending in this court for over 15 months. At the time when both parties should be consolidating and refining their respective positions, defendant has been forced to formulate their case around gaping omissions and guesswork. The court is in no better position to overcome such overwhelming problems. The court has an interest in the efficient resolution of cases and managing its own docket, and does not have time to resolve each and every discovery dispute by reviewing every motion describing plaintiff's total lack of responses and participation which would have been unnecessary but for plaintiff's bad faith.

Moreover, no less drastic sanction appears appropriate. Monetary sanctions would clearly be to no avail as plaintiff continued to refuse to comply with his discovery obligations even after the sanctions were ordered. Evidence preclusion would also be to no avail. The discovery deadline of May 18, 2009 is looming; however, the parties are no further along than they were a year ago. The court holds out no hope that plaintiff will be willing to provide legitimately sought discovery. The abusiveness of plaintiff's discovery responses indicate a lack of cooperative spirit. "A judge with a caseload to manage must depend upon counsel [and/or the parties] meeting each other and the court halfway in moving a case toward trial." Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984). Thus, the court concludes, particularly in light of its prior orders, that no sanction short of dismissal would be appropriate.

The court therefore concludes, based on a finding of bad faith and consideration of the critical Malone factors, that dismissal is warranted under the court's inherent authority as a

result of plaintiff's failure to comply with his discovery obligations.

In summary, plaintiff's willful disregard of the Federal Rules, and his lack of communication and cooperation with defense counsel in regard to all discovery, undermine the judicial process plaintiff himself has invoked. "[D]istrict courts cannot function efficiently unless they can effectively require compliance with reasonable rules." Chism v. National Heritage Life Ins. Co., 637 F.2d 1328, 1332 (9th Cir. 1981), overruled on other grounds, Bryant v. Ford Motor Company ("Bryant II"), 844 F. 2d 602, 605 (9th Cir. 1988) (en banc). It is therefore the conclusion of this court that there is no effective alternative short of dismissal.

CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

1. Defendant Horst Anton Wilhelm's amended motion for inter alia monetary sanctions, filed February 5, 2009, (dkt. #s 59, 68), is granted.

2. Defendant Wilhelm is awarded attorneys' fees and costs in the amount of $2,824.13 against plaintiff and/or his former counsel Torjesen. Payment shall be made directly to defendant Wilhelm within thirty days of this order.

3. Hearing on whether plaintiff and former attorney Torjesen should be adjudged in criminal contempt of court is set before the District Judge assigned to this case, the Honorable Frank C. Damrell, Jr., on June 5, 2009 at 10:00 a.m.

**4. The United States Marshal is directed to personally serve a copy of this order on plaintiff and attorney Torjesen forthwith and expeditiously file a proof of service thereof.**

5. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

6. Plaintiff and attorney John Torjesen are cautioned that failure to appear at hearing before the District Judge may result in a warrant for their arrest.

\\\\\

IT IS HEREBY RECOMMENDED that:

1. Defendants's motion for terminating sanctions be granted and that this action be dismissed.

2. Plaintiff and his former attorney John Torjesen be adjudged in contempt of court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/04/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Wilhelm0210.san3