UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HORST ERNEST WILHELM,

        Plaintiff,

  v.

SAMUEL M. YOTT, an individual; HORST ANTON WILHELM, an individual,

        Defendants.

NO. CIV. S-08-210 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the assigned magistrate judge's findings and recommendations certifying facts for entry of an order (1) adjudging plaintiff Horst Ernest Wilhelm ("plaintiff") and his former counsel, John C. Torjesen ("Torjesen"), in contempt of court, (2) dismissing plaintiff's case as a sanction for discovery abuses and failure to comply with court orders, pursuant to Fed. R. Civ. P. 37 and (3) requiring plaintiff and/or Torjesen to pay defendant Horst Anton Wilhelm's ("defendant") attorneys' fees and costs in the amount of $2,824.13.  The court held a hearing on the instant matter on

July 24, 2009 in which plaintiff, plaintiff's current counsel, T. Troy Otus ("Otus"), Torjesen and defendant's counsel, Joseph Cooper,[1] appeared.

After consideration of the written submissions of the parties as well as the oral arguments made at the hearing, the court finds as follows: (1) Torjesen is adjudged in contempt of court, based on the facts and for the reasons more fully set forth in the magistrate judge's findings and recommendations of May 4, 2009 ("May 4 Order") (Docket #78); (2) however, because the court cannot find that plaintiff had actual knowledge of the relevant orders and has since complied with the subject discovery, the court does not find plaintiff in contempt of court and will not dismiss plaintiff's case as a terminating sanction, and (3) the court directs that the attorneys' fees and costs be paid solely by Torjesen, who has failed to provide any justification for his conduct in this case.

## BACKGROUND

Plaintiff filed this action through former counsel Torjesen on January 28, 2008. It arose out of an automobile collision on January 31, 2007. The complaint names as defendants plaintiff's son, Horst Anton Wilhelm, and Samuel Yott.[2] Jurisdiction is based on diversity.

---

[1] Mr. Cooper appeared telephonically.

[2] After the events at issue here, Yott appeared in the case. He does not have any involvement in these proceedings. Yott has filed a motion to dismiss plaintiff's complaint against him for lack of personal jurisdiction or insufficiency of service of process or, alternatively, for improper venue. Said motion is set to heard by the court August 7, 2009.

2

After plaintiff failed to respond to defendant Wilhelm's special interrogatories, request for production of documents, and request for admissions, defendant moved to compel plaintiff's responses. Plaintiff and Torjesen did not respond to the motion and did not appear at the hearing held on January 8, 2009. Torjesen did send an attorney to specially appear, however, since he was not attorney of record on the case, the magistrate judge did not permit him to be heard on the merits. Based on plaintiff's non-opposition to the motion, the motion was granted, and plaintiff was directed to respond to all discovery by January 16, 2009, as well as pay $700.00 in sanctions. Plaintiff was warned that failure to comply with the order would result in a recommendation that the case be dismissed. (Docket #58.) Plaintiff did not comply with the order.

Defendant Wilhelm next moved to compel plaintiff's deposition and moved for sanctions for plaintiff's discovery abuses. (Docket #29.) Plaintiff and defendant were ordered to file a joint statement five court days before the February 5, 2009 hearing. (Docket #56.) However, plaintiff did not comply with this order to participate in the joint statement, did not otherwise oppose the motion, and did not appear at the hearing. (Docket #67.)

In his order granting defendant's motion, the magistrate judge reminded plaintiff of his previous order wherein he advised plaintiff that the court would look unkindly on his failure to appear at his deposition. (Docket #69.) The magistrate judge's order, issued February 10, 2009, directed both plaintiff and Torjesen to personally appear for plaintiff's deposition in the

3

jury room of the magistrate judge's courtroom and warned that failure to do so may be grounds for a finding of contempt. (Id.) Defendant's request for monetary sanctions was postponed until after the date for deposition had passed. (Id.)

Plaintiff and his counsel did not appear at the March 2, 2009 deposition. After reminding plaintiff of the previous warnings regarding dismissal, plaintiff and Torjesen were ordered to show cause why they should not be held in contempt for their failure to obey court orders. (Docket #71.) The magistrate judge directed them to file a declaration by March 19, 2009 and to appear at a March 26, 2009 hearing on the order to show cause. (Id.) Plaintiff and Torjesen did not file the requisite declaration and did not appear at the hearing. (Docket #73.) Also scheduled for hearing on that date was defendant's motion for sanctions.

On March 30, 2009, plaintiff substituted new counsel, Otus, for Torjesen.

Thereafter, on May 4, 2009, the magistrate judge issued findings and recommendations ruling on the order to show cause and defendant's motion for monetary and or evidentiary sanctions (the aforementioned, "May 4 Order"). Therein, the magistrate judge certified facts to this court for entry of an order finding plaintiff and Torjesen in contempt of court, dismissing plaintiff's case as a sanction for discovery abuses, and directing plaintiff and/or Torjesen to pay monetary sanctions in the amount of $2,824.13. The magistrate judge directed that the May 4 Order be personally served on plaintiff and Torjesen and

4

that proof of service thereof be filed forthwith.[3]

Said order and this court's subsequent orders resetting the hearing to July 24, 2009 have been personally served on plaintiff and Torjesen and proof of service thereof has been filed. (Docket #s 90-93.)  Moreover, the court notes that the docket reflects that no previous orders served by the court on Torsejen, as plaintiff's counsel of record, were returned as undeliverable, and that the pertinent orders, described above, were served on Torjesen at two email addresses, pursuant to the local rules permitting electronic service of process.  (Docket #s 56, 58, 69, 71.)

Following issuance of the May 4 Order and in anticipation of this court's July 24, 2009 hearing, plaintiff filed a declaration attesting to his lack of knowledge of the court's orders and his efforts to contact Torjesen during the relevant time, and plaintiff's current counsel, Otus, filed written objections to the Order as well as a declaration describing his efforts to contact Torjesen to facilitate the substitution of counsel. (Docket #s 81, 87, 88.)  Torjesen did not file a written response to the May 4 Order or otherwise file any papers in advance of the hearing.

**STANDARD**

Magistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges. Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996).  Where

---

[3] The magistrate judge set the matter for hearing before this court on June 5, 2009; however, due to conflicts with this court's calendar, the matter was reset to July 24, 2009. (Docket #s 79, 83.)

5

1  contempt is sought to compensate an aggrieved party for failure
2  of an adverse party to comply with court orders, the asserted
3  contempt is civil in nature.  <u>United States v. Asay</u>, 614 F.2d
4  655, 659 (9th Cir. 1980).  On the other hand, where contempt is
5  imposed to vindicate the authority of the court following a
6  completed act of disobedience, and the contemnor has no
7  opportunity to purge himself of contempt, the contempt is
8  criminal in nature.  <u>Bingman</u>, 100 F.3d at 655-56.  One of the
9  primary purposes of criminal contempt is to vindicate the
10 authority of the court by punishing a past act of defiance.
11 <u>Falstaff Brewing Corp. v. Miller Brewing Co.</u>, 702 F.2d 770, 778
12 (9th Cir. 1983).

13     Moreover, Federal Rule of Civil Procedure 37 authorizes "a
14 wide range of sanctions" for a party's failure to comply with
15 discovery rules or court orders enforcing them.  <u>Wyle v. R.J.
16 Reynolds Industries, Inc.</u>, 709 F.2d 585, 589 (9th Cir. 1983).
17 Penalizing a party "for dilatory conduct during discovery
18 proceedings" is discretionary.  <u>Bollow v. Federal Reserve Bank of
19 San Francisco</u>, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed.
20 R. Civ. P. 37(a)(4)).

21     In addition to Rule 37 sanctions, "[c]ourts are invested
22 with inherent powers that are 'governed not by rule or statute
23 but by the control necessarily vested in courts to manage their
24 own affairs so as to achieve the orderly and expeditious
25 disposition of cases.'"  <u>Unigard Sec. Ins. Co. v. Lakewood
26 Engineering & Mfg. Corp.</u>, 982 F.2d 363, 368 (9th Cir. 1992)
27 (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43, 111 S. Ct.
28 2123, 2132 (1991)).

Precluding evidence so that the recalcitrant party cannot support defenses is comparable to entering dismissal, which "represent[s] the most severe penalty that can be imposed." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988). Accordingly, such sanctions are authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault of that party." Id. at 603. Bad faith does not require actual ill will; substantial and prejudicial obduracy may constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002). Five factors are relevant in determining whether severe sanctions are appropriate:

> (1) the public's interest in expeditious resolution of litigation;
>
> (2) the court's need to manage its docket;
>
> (3) the risk of prejudice to the other party;
>
> (4) the public policy favoring disposition of cases on their merits; and
>
> (5) the availability of less drastic sanctions.

Wanderer v. Johnston, 910 F.2d 652 (9th Cir. 1990) (entering default judgment for the defendants' failure to comply with discovery).

**ANALYSIS**

It is clear in this case that plaintiff and Torjesen repeatedly failed to comply with clear and unambiguous orders of the court. That failure to comply has caused this case to be delayed significantly, and defendant has been prejudiced both substantively, in his ability to appropriately respond to the complaint, as well as financially, as he has incurred increased

attorneys' fees pursuing the various motions to compel plaintiff's compliance with the discovery rules.  To date, Torjesen has not provided a reasoned basis for his inactions.  Indeed, he filed no written response or declaration to the May 4 Order, seeking imposition of contempt sanctions against him personally and the dismissal of his former client's case, and he offered no compelling justification for his conduct at the hearing.

While Torjesen maintained, at the hearing, that pursuant to a January 14, 2009 email from plaintiff and subsequent January 2009 letter from Otus, he was terminated by plaintiff as plaintiff's attorney, Torjesen was obligated to obtain this court's approval to formally withdraw as counsel for plaintiff or file a substitution of counsel.  Torjesen did not move to withdraw and a substitution of counsel was not filed until March 30, 2009.  Until that time, Torjesen remained obligated to respond to the court's orders and to continue to represent his client.  He failed to do either.  Torjesen explained at the hearing that during this time, he suffered from certain physical and mental problems; however, it was incumbent on Torjesen to inform the court of his inability to prosecute this action on behalf of his client, if such was the case.  Again, he did not do so, choosing instead to wait until the date of the contempt hearing to attempt to explain his conduct.  Counsel's conduct is not excusable at this late juncture.

Therefore, for these reasons as well as those set forth more fully in the May 4 Order,[4] a finding of contempt and imposition of sanctions are warranted. The court adjudges Torjesen in contempt of court for his failure to obey court orders and his obligations as an attorney of record for the plaintiff in this action. As a sanction for his conduct, Torjesen shall pay defendant $2,824.13, representing the attorneys' fees and costs defendant incurred in pursuing the underlying motions. Said payment shall be made directly to defendant and paid on or before July 31, 2009.

While the magistrate judge also recommended that plaintiff be adjudged in contempt of court and similarly sanctioned, based on plaintiff's declaration and his current's counsel, Otus' declaration, the court finds that such an order is unjustified under the circumstances. Plaintiff attests that during the relevant time, he had no knowledge of the court's orders requiring that he respond to discovery or appear at hearings or for his deposition. (Pl.'s Decl., filed June 12, 2009, ¶ 2.) Rather, the subject orders were served solely on his counsel, Torjesen, and Torjesen did not communicate the substance of those orders to plaintiff. (Id.) Plaintiff also describes that he

---

[4] The magistrate judge found that contempt sanctions were warranted for several reasons, including: (1) there is no evidence that Torjesen was unable to comply with the court's orders; (2) there is no dispute he received notice of the orders; (3) there is evidence of Torjesen's knowledge of the relevant discovery and his obligation to respond to it on behalf of his client, as he assured defendant's counsel, on several occasions, that the responses would be forthcoming; and (4) he sent an attorney to specially appear for him at one of the hearings, thus, demonstrating his awareness of the hearing. (May 4 Order at 4.)

1   attempted to provide Torjesen with answers to defendant's
2   discovery requests and to communicate with Torjesen regarding the
3   scheduling of his deposition, but Torjesen repeatedly failed to
4   respond to plaintiff.  (Id. at ¶ 5, 7.)  Because of that lack of
5   communication, plaintiff attempted to secure new counsel,
6   ultimately hiring Otus in January 2009.  (Id. at ¶ 6; Otus Decl.,
7   filed May 19, 2009, ¶ 3.)

8       Otus explains that beginning in January 2009, he tried to
9   facilitate a formal substitution of counsel with Torjesen;
10  however, Torjesen failed to respond to Otus' written and oral
11  communications.  (Otus Decl., ¶s 4-5, 7.)  Despite repeated
12  requests, Otus attests that he did not receive plaintiff's file
13  from Torjesen until May 11, 2009.  (Id. at ¶ 8.)  It was only at
14  that time that Otus became aware of this court's prior orders.
15  (Id. at ¶s 4, 8.)  Otus immediately responded to the outstanding
16  discovery, transmitting plaintiff's answers to defendant on May
17  13, 2009. (Id. at ¶ 9.)  Otus also contacted defendant's counsel
18  to schedule plaintiff's deposition; counsel mutually agreed that
19  the deposition should await the court's decision on this motion.
20  (Id.)  Otus represents that he will make plaintiff available
21  immediately for deposition upon resolution of the motion.  (Id.
22  at ¶ 10.)

23      A finding of either civil or criminal contempt requires that
24  the plaintiff know of the orders he assertedly violated.  United
25  States v. Baker, 641 F.2d 1311, 1316-17 (9th Cir. 1981).  The
26  court cannot make this finding here, and thus, imposition of
27  contempt sanctions is not justified.  Moreover, based on
28  plaintiff's declaration, it appears he attempted to comply with

his discovery obligations in this case but that his attorney, Torjesen, failed to assist him. The court will not require plaintiff to pay defendant's attorneys' fees and costs incurred in pursuing the motions to compel.

Under these circumstances, the court also finds no grounds to dismiss plaintiff's case as a sanction. Plaintiff attempted to comply with his obligations in this case; he ultimately secured new counsel when Torjesen failed him; and his new counsel promptly responded to all outstanding discovery. Here, the errors and inaction were solely the fault of the attorney and not the litigant. Yet, the impact of the sanction recommended by the magistrate judge primarily affects the client. While it is a well established principle that "the faults and defaults of the attorney may be imputed to, and their consequences visited upon [the] client,"[5] it is also well recognized that:

> when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault.

In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985). In this case, plaintiff should not be held accountable for his attorney's gross negligence. See Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (holding that "[a]lthough a party who chooses an attorney takes the risk of suffering from the

---

[5] See Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962) (recognizing that a plaintiff voluntarily chooses his attorney as his representative and cannot, generally, "avoid the consequences of the acts of omissions of [his] freely selected agent"); In re Fitzsimmons, 920 F.2d 1468, 1473 n. 3 (9th Cir. 1990).

attorney's incompetence, we do not believe that this record exhibits circumstances in which the client should suffer the ultimate sanction of losing his case without consideration of the merits because of his attorney's neglect and inattention.")

**CONCLUSION**

For the reasons set forth fully in the magistrate judge's May 4 Order, plaintiff's former counsel, Torjesen, is adjudged in contempt of court for his failure to comply with court orders and his obligations as counsel of record for plaintiff in this case; Torjesen shall pay directly to defendant, on or before July 31, 2009, $2,824.13, representing the attorneys' fees and costs incurred by defendant in pursuing the subject discovery. Plaintiff is not adjudged in contempt of court, as he attempted to comply with his obligations in this case, he had no knowledge of the court's various orders, and he has since obtained new counsel and has complied with all outstanding discovery. Plaintiff is not obligated to pay any portion of the above attorneys' fees and costs and his case shall remain pending.

In light of the seriousness of Torjesen's conduct in this case, and his failure, to date, to provide any justification for his contempuous conduct, the court issues the following order and order to show cause:

(1) While the monetary sanctions imposed above shall remain in place, Torjesen shall be permitted to purge the legal finding of contempt by submitting a declaration attesting to the personal circumstances which precluded him from responding to the court's orders and

12

appropriately representing his client.  Counsel shall support his declaration which documentation of his claimed medical problems.  Counsel may submit this declaration and/or the underlying documentation under seal.

(2) In the above declaration, Torjesen is also ordered to show cause why he should not be sanctioned in the further amount $1,000.00 for his repeated failure to comply with the orders of this court and his obligations as counsel of record for plaintiff;

(3) Torjesen shall file the aforementioned written response on or before August 14, 2009;

(4) The court shall hold a further hearing on the matter on August 21, 2009 at 10:00 a.m. in Courtroom 2.

IT IS SO ORDERED.

DATED: July 27, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE