UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HORST ERNEST WILHELM,

        Plaintiff,

  v.

SAMUEL M. YOTT, an individual; HORST ANTON WILHELM, an individual,

        Defendants.

NO. CIV. S-08-210 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on an order to show cause ("OSC") re: contempt proceedings and further imposition of monetary sanctions against plaintiff Horst Ernest Wilhelm's former counsel John C. Torjesen ("Torjesen"). (Docket #101.) Pursuant to the court's Memorandum and Order of July 27, 2009, the court adjudged Torjesen in contempt of court for his failure to comply with court orders and his obligations as counsel of record for plaintiff. Torjesen was directed to pay defendant Horst Anton Wilhelm $2,824.13, representing the attorneys' fees and costs incurred by defendant in pursuing the subject

1

discovery.  However, due to the seriousness of Torjesen's conduct, the court issued an OSC re: imposition of additional monetary sanctions against counsel in the amount of $1000.00.  At Torjesen's request, the court granted counsel permission to file a declaration attesting to the alleged personal circumstances which precluded him from responding to the court's orders and appropriately representing his client.  The court ordered that Torjesen support his declaration with documentation of his claimed medical problems, and that said documents could be filed under seal.  The court indicated that it would consider purging the legal finding of contempt based on Torjesen's submissions. (Mem. & Order, filed July 27, 2009, at 12-13.)

Torjesen timely filed his response to the OSC as well as the declaration and supporting documentation regarding his personal situation during the relevant time frame.  (Docket #107, filed *under seal*, Aug. 14, 2009.)  The court has reviewed those submissions and HEREBY DISCHARGES the OSC and purges the legal finding of contempt of court.[1]

While counsel should have informed the court earlier of his personal circumstances and sought leave of court to withdraw as counsel for plaintiff in January 2009, when he was first informed by plaintiff that plaintiff wished to hire new counsel, the court acknowledges that Torjesen was experiencing serious family-related problems as well as significant, personal medical problems during the pendency of this action.  Based on the facts

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the papers. E.D. Cal. L.R. 78-230(h).

2

described by counsel in his declaration, the court finds sufficient grounds to purge the legal finding of contempt and to discharge the OSC.

IT IS SO ORDERED.

DATED: August 19, 2009

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE