UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HORST ERNEST WILHELM,

        Plaintiff,

  v.

SAMUEL M. YOTT, an individual; HORST ANTON WILHELM, an individual,

        Defendants.

NO. CIV. S-08-210 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Samuel M. Yott's ("Yott") motion to dismiss plaintiff Horst Ernest Wilhelm's ("plaintiff") complaint against him for lack of personal jurisdiction and/or for insufficient service of process. Alternatively, Yott requests that the court dismiss the case for improper venue or transfer the case to the United States District Court for the District of Nevada, in Reno, Nevada, for the

1

convenience of the parties and witnesses.[1]  28 U.S.C. § 1406(a); 28 U.S.C. § 1404(a).[2]  In his opposition, plaintiff concedes that based on Yott's representations in the motion, Yott is a resident of Nevada, not California, and thus, venue does not properly lie in this district; plaintiff asks that in the "interest of justice," pursuant to 28 U.S.C. § 1406(a), the court not dismiss the case but transfer it to the Nevada District Court.[3]  Because the parties agree that venue does not properly lie in this district, the court does not reach Yott's motion to dismiss for lack of personal jurisdiction or insufficient service of process.  Lack of personal jurisdiction and/or insufficient service of process does not bar transfer under Section 1406(a).  Jurisdiction and the sufficiency of service of process can be determined in the transferor court.  <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466-67 (1962); <u>Ellis v. Great Southwestern Corp.</u>, 646 F.2d 1099, 1105 (5th Cir. 1981).

    Here, venue does not lie in this district since all defendants do not reside in this state and no defendant resides in this district.  28 U.S.C. § 1391(a)(1).  Defendant Yott

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2] Section 1406(a) provides that where venue is *improper* (the plaintiff commenced the action in the wrong district), the court may dismiss or transfer the case; Section 1404(a) provides that where venue is *proper*, the court may transfer a case to another district "for the convenience of parties and witnesses, in the interest of justice."

[3] Defendant Horst Anton Wilhelm did not file a response to Yott's motion.  The court construes his silence as a non-opposition to the motion.  E.D. Cal. L.R. 78-230(c).

resides in Nevada.  (Yott Decl., filed April 14, 2009 [Docket #77-2].)  Defendant Wilhelm resides in Montana.  (Compl., filed Jan. 28, 2008, ¶ 1.)  Additionally, the automobile accident at issue occurred in Winnemucca, Nevada.  (Id. at ¶ 3.)  Thus, "a substantial part of the events or omissions giving rise to [this action]" did not occur in this district.  28 U.S.C. § 1391(a)(2).  Rather, they occurred in Nevada, and accordingly, venue properly lies in the Nevada District Court.  Id.

Pursuant to Section 1406(a), if a plaintiff commences an action in the wrong district, a federal court shall, upon timely and proper motion, dismiss the action for improper venue or "if it be in the interest of justice" transfer the case to any district where it could have been brought (*i.e.*, where venue would have been proper).  District No. 1 Pacific Coast District v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982).  The court has discretion to determine whether to transfer or dismiss the case outright.  Id.  Generally, if there is another district in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal, as transfer avoids any statute of limitations problems and the necessity of filing and serving a new action.  King v. Russell, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

As set forth above, this action could have been brought originally in the Nevada District Court; venue properly lies there as the automobile accident giving rise to plaintiff's claims against defendants took place in Nevada.  The court finds that under the circumstances of this case, where the statute of limitations has likely run on all of plaintiff's claims,

1 | plaintiff has expended significant resources attempting to serve
2 | Yott and some discovery has taken place, that the interest of
3 | justice is best served by transfer of the case rather than
4 | dismissal.  Id.
5 |     Accordingly, for the reasons set forth above, the court
6 | directs that the Clerk of the Court transfer the instant case to
7 | the United States District Court, District of Nevada--Reno.
8 |     IT IS SO ORDERED.
9 | DATED: August 19, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE